JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRAYAN ALEXANDER BAUTISTA DIAZ,<br>Petitioner,<br>v.<br>WARDEN FACILITY ADMINISTRATOR, et al.,<br>Respondents. | Case No. EDCV 26-3621-KK (AS)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

On June 29, 2026, Brayan Alexander Bautista Diaz ("Petitioner"), an immigration detainee proceeding pro se, filed an "Additional Supplemental Statement for Writ of Habeas Corpus" ("Supplemental Statement") purportedly in support of a "Petition for writ of habeas corpus timestamped May 5, 2026." (Docket ("Dkt.") No. 1). The Supplemental Statement indicates that Petitioner has not received any correspondence from the Adelanto Detention Facility about his Petition and requests an Order that Petitioner be personally served with "the dockets by hand." (Supplemental Statement at 2). However, since the Court had "not received a Petition stamped May 5, 2026, or other filing by

Petitioner[,]" on July 2, 2026, the Court ordered Petitioner "to file the Petition that is referenced in the supplemental statement no later than ten (10) days from the date of this Order[.]" (Dkt. No. 5).

Petitioner did not do so. He has not submitted any documents or filed any response to the Court's Order. Instead, on July 9, 2026, Petitioner, now proceeding through counsel, filed a new action challenging his detention in United States Immigration and Custody Enforcement Custody, which remains pending. (See Diaz v. Semaia, United States District Court for the Central District of California, case no. 26-3789-SP).

**DISCUSSION**

"Article III of the Constitution confines the jurisdiction of federal courts to 'Cases' and 'Controversies.'" Food & Drug Admin. v. Alliance for Hippocratic Med., 602 U.S. 367, 378 (2024); TransUnion LLC v. Ramirez, 594 U.S. 413, 423 (2021). "This is a 'bedrock requirement.'" Raines v. Byrd, 521 U.S. 811, 818 (1997) (citation omitted); see also Food & Drug Admin., 602 U.S. at 397 ("'No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies.'" (citation omitted)). If no case or controversy exists, then the Court lacks jurisdiction, and the action must be dismissed. See Carney v. Adams, 592 U.S. 53, 58 (2020) ("The Constitution grants Article III courts the power to decide 'Cases' or 'Controversies.'

We have long understood that constitutional phrase to require that a case embody a genuine, live dispute between adverse parties, thereby preventing the federal courts from issuing advisory opinions." (citation omitted)); United States Nat'l Bank of Or. v. Indep. Ins. Agents of Am., Inc., 508 U.S. 439, 446 (1993) ("'The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy,' and 'a federal court [lacks] the power to render advisory opinions.'" (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975))).

As relevant here, a "federal court lacks jurisdiction to consider matters relating to a habeas petition unless and until such a petition is actually filed because there otherwise is no case or controversy within the meaning of Article III of the Constitution."[1] Carr v. California, 2013 WL 3053093, *1 (C.D. Cal. 2013); Sconce v. California, 2017 WL 10573725, *8 (C.D. Cal. 2017); see also Christopher v. People, 2026 WL 1932760, *1 (C.D. Cal.)

---

[1] Rule 3 of the Federal Rules of Civil Procedure provides that a "civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. "The Federal Rules of Civil Procedure apply in the context of habeas suits to the extent that they are not inconsistent with the Habeas Corpus Rules." Woodford v. Garceau, 538 U.S. 202, 208 (2003); Fed. R. Civ. P. 81(a)(4); see also Rule 12, Rules foll. 28 U.S.C. § 2254 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."); Rule 1(b), Rules foll. 28 U.S.C. § 2254 ("The district court may apply any or all of these rules to a habeas corpus petition not" filed pursuant to 28 U.S.C. § 2254). "Nothing in the Habeas Corpus Rules contradicts Rule 3. The logical conclusion, therefore, is that a habeas suit begins with the filing of an application for habeas corpus relief - the equivalent of a complaint in an ordinary civil case." Garceau, 538 U.S. at 208.

("Because petitioner has not actually filed a federal habeas petition . . . , there is no case or controversy properly before this court."), report and recommendation accepted by, 2026 WL 1932076 (C.D. Cal. 2026). Here, despite being provided with an opportunity to do so, Petitioner has not filed a habeas corpus petition in this matter. "Accordingly, there is no case or controversy to be heard, and the Court lacks jurisdiction to consider Petitioner's [Supplemental Statement]."[2] Harrison v. Warden, 2016 WL 6436826, *1 (C.D. Cal. 2016); Christopher, 2026 WL 1932760 at *1; Casaburi v. Warden, 2013 WL 3367275, *1 (C.D. Cal. 2013); Carr, 2013 WL 3053093 at *1; see also United States v. Leon, 203 F.3d 162, 164 (2d Cir. 2000) (per curiam) ("Here, because Leon has not yet filed an actual . . . petition, there is no case or controversy to be heard, and any opinion we were to render . . . would be merely advisory. Accordingly, we lack jurisdiction to consider the issue on appeal."); Caldera v. De La Cruz, 2024 WL 3761769, *2 (C.D. Cal.) ("[U]ntil Petitioner files an actual habeas petition, the Court lacks jurisdiction to consider her Motion."), report and recommendation accepted by, 2024 WL 3760468 (C.D. Cal. 2024); Thomas v. Ochoa, 2013 WL 610772, *2 (C.D. Cal. 2013) ("Because petitioner has not yet filed a habeas corpus petition,

---

[2] The Supplemental Statement is essentially a motion seeking to regulate the way Petitioner receives documents. (See Supplemental Statement at 2). Such a motion is insufficient to commence a habeas action. See United States v. Stacy, 156 F.4th 994, 1009 n.13 (10th Cir. 2025) (A "freestanding motion for relief cannot commence a civil action."); Petteway v. Sec'y, Dep't of Corrs., 2023 WL 6465652, *1 (M.D. Fla. 2023) ("[A]lthough the present document [requesting various forms] was used to open the case file, Petitioner has not initiated a civil action.").

there is no action or proceeding pending and no case or controversy to be heard.”).

**ORDER**

For the reasons set forth herein, this matter is dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: September 14, 2026

_______________________________
KENLY KIYA KATO
UNITED STATES DISTRICT JUDGE